**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PITTSFIELD DEVELOPMENT, LLC, an Illinois limited liability company, PITTSFIELD RESIDENTIAL II, LLC, an Illinois limited liability company, and PITTSFIELD HOTEL HOLDINGS, LLC, an Illinois limited liability company, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 1:18-cv-06576 Honorable Steven C. Seeger |
| vs. | ) ) | Honorable Jeffrey Cummings Magistrate |
| THE TRAVELERS INDEMNITY COMPANY, a Connecticut property and casualty insurance company, | ) ) ) ) ) | Plaintiffs demand trial by jury |
| Defendant. | ) ) | |

**SECOND AMENDED COMPLAINT**

NOW COME the plaintiffs, Pittsfield Development, LLC, an Illinois Limited Liability Company, Pittsfield Residential II, LLC, an Illinois Limited Liability Company, and Pittsfield Hotel Holdings, LLC, an Illinois Limited Liability Company, by and through their attorneys, Christopher Bargione and Adrian Vuckovich of Collins Bargione & Vuckovich, and for their Second Amended Complaint against the defendant, The Travelers Indemnity Company, a Connecticut property and casualty insurance company, states as follows:

**PARTIES**

1. The Pittsfield Building is an historic building located at 55 East Washington Street, Chicago, Illinois 60602. The building was purchased by Pittsfield Development, LLC on or about June 12, 2000 and has since been divided into four separately deeded subdivisions. The building is 40 stories tall and is designated as a Chicago Landmark.

1

2. The building is divided into several separately deeded subdivisions, with each owner of the respective subdivisions bound by obligations set forth in the Declaration of Covenants, Conditions, Restrictions and Easements.

3. Pittsfield Development, LLC is an Illinois limited liability company and is a citizen of the State of Illinois and which owned real property located in Cook County, Illinois. Pittsfield Development, LLC owned and operated the ground floor and all basement and subbasement levels of the building along with the upper portion of the building, consisting of portions of floor 22 and floors 23 – 40 of the building.

4. Plaintiff, Pittsfield Hotel Holdings, LLC, is an Illinois limited liability company, and is a citizen of the State of Illinois which owned real property located in Cook County, Illinois. Pittsfield Hotel Holdings, LLC, is organized for the purpose of taking title to, constructing and operating a hotel on floors 2 – 9 of the building. Pittsfield Hotel Holdings, LLC owned floors 2 – 9 of the building.

5. Pittsfield Residential II, LLC, is an Illinois limited liability company, and is a citizen of the State of Illinois which owned real property located in Cook County, Illinois. Pittsfield Residential II, LLC owned floors 10 – 12 of the building.

6. Pittsfield Development, LLC, an Illinois limited liability company, Pittsfield Residential II, LLC, an Illinois limited liability company, and Pittsfield Hotel Holdings, LLC, an Illinois limited liability company, are related entities.

7. Defendant, The Travelers Indemnity Company, is a Connecticut property and casualty insurance company with its principal place of business in Hartford, Connecticut. At all times relevant herein The Travelers Indemnity Company did business in Cook County, Illinois.

8. Floors 13 – 21 of the building were sold to a third party, 55 East Washington

Development, LLC, an Illinois limited liability company in 2007. 55 East used its portion of the building primarily as a student housing facility on a contract basis with various colleges and universities.

9. At all relevant times herein certain portions of the first floor and floors 13 – 21 were owned by entities other than Pittsfield Development, LLC, Pittsfield Hotel Holdings, LLC and Pittsfield Residential II, LLC.

## JURISDICTION

10. This Court has jurisdiction of the subject matter of this proceeding pursuant to 28 U.S.C. 1334, 1331 and 1332 in that this proceeding (i) is related to a case under title 11, (ii) is between citizens of different states, and (iii) the matter in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs do not consent to the referral of this matter to a bankruptcy judge.

## VENUE

11. Venue in this district is proper under 28 U.S.C. §1391(b) in that the building that was damaged and covered under the insurance policy issued by the Defendant is located in this district (Chicago, Illinois) and the event leading to the damage occurred in Chicago, Illinois. Venue in this district is also proper under 28 U.S.C. §1391(A) since Defendant resided in this district since Defendant is subject to this Court's personal jurisdiction because Defendant had minimum contacts with the State of Illinois because Defendant sold the policy to Plaintiffs in this district.

## GENERAL ALLEGATIONS

12. On September 1, 2016, Defendant The Travelers Indemnity Company issued an insurance policy to Plaintiffs (A copy of the insurance policy is attached hereto as Exhibit 1).

13. Under the terms of the insurance policy issued by Defendant, Plaintiffs are additional named insured because all three of the Plaintiffs are affiliated companies over which the first named insured has active management and maintains more than fifty percent ownership interest provided the named insured notifies the company within ninety days from the date any subsidiary or affiliate was acquired or formed by the first named insured.

14. Defendant The Travelers Indemnity Company was the insurance carrier for Pittsfield Development, LLC since the Pittsfield Building was acquired by it in 2000.

15. At all times material herein, Carbone and Malloy, Inc. served as the insurance brokers for the subject insurance coverage herein.

16. At all times material herein, Carbone and Malloy, Inc. were acting as agents of Defendant The Travelers Indemnity Company and was not acting as the agent of any of the above captioned Plaintiffs.

17. Carbone and Malloy, Inc. drafted all the subject applications for insurance coverage herein, not Plaintiffs.

18. Since Pittsfield Development, LLC procured insurance coverage from The Travelers Indemnity Company in 2000, Pittsfield Building, LLC was erroneously listed as an insured.

19. In fact, there is no entity named Pittsfield Building, LLC. This was and always has been a scrivener's error.

20. Pittsfield Development, LLC and Carbone and Malloy, Inc. repeatedly tried to have Defendant The Traveler's Indemnity Company correct this scrivener's error, but to no avail.

21. Pittsfield Development, LLC served as managing agent for Pittsfield Residential

II, LLC and for Pittsfield Hotel Holdings, LLC with regard to payment of common expenses incurred in the Pittsfield Building, including procurement of insurance coverage and payment of insurance premiums.

22. Pittsfield Development, LLC timely notified Carbone and Malloy, Inc. when floors 9-12 in the Pittsfield Building were conveyed to Pittsfield Residential II, LLC in 2009, and when floors 2-9 in the Pittsfield Building were conveyed to Pittsfield Hotel Holdings, LLC in 2015.

23. On or about June 27, 2016, Carbone and Malloy, Inc., as agents of Defendant, prepared an application for insurance coverage and submitted same application for the real property described as 51-65 East Washington, Chicago, IL 60602, "38 story office building, mercantiles first fl, offices 2-8th flr's, 9-12th apts., offices 23-38th floors, 13-21st excluded [owned by outside interest]." (See application at page 2, Premises Information, a copy of the subject application attached hereto as Exhibit 2).

24. The insurance policy issued by the Defendant had a policy period of July 10, 2016 through July 10, 2017. The premium charged by Defendant to Plaintiff was the sum of $91,888.00, which the Plaintiffs paid.

25. Under the policy issued by the Defendant the Defendant agreed to pay for direct physical loss or damage to covered property at the premises. Under the property coverage form of the insurance policy, covered property including buildings, completed additions, fixtures, and machinery equipment permanently attached to the building. (Page 1 of Property Coverage Form of Exhibit 1).

26. The subject insurance policy insured all covered property interests owned by the respective Plaintiffs within the Pittsfield Building – including, but not limited to, floors 2-9

owned by Pittsfield Hotel Holdings, LLC.

27. Also under the policy of insurance issued by the Defendant, covered costs and expenses included debris removal and water damage. The policy states that of the covered loss or damage caused by or resulting from water or other liquid, powder or molten material damage occurs, the Company will also pay the cost to tear out and replace any part of the building or structure to repair damage to the system or appliance from which the water or other substance escapes.

28. Under the policy, the Defendant agreed to pay for specified cause of losses including water damage. Water damage is defined as accidental discharge or leakage of water or steam as a direct result of the breaking apart or cracking of any part of a system or appliance containing water or steam.

29. Plaintiffs promptly provided notice of loss to Defendant as will be set forth in greater detail herein.

30. Under the terms of the policy, in the event of a covered loss or damage the Defendant agreed for property to which this replacement cost valuation applies the insured may make a claim for loss or damage on an "actual cash value" basis instead of a replacement cost basis.

31. The policy defines actual cash value as the costs to repair, rebuild or replace the lost or damaged property at the time and place of the loss, with other property of comparable size, material and quality less allowance for physical deterioration, depreciation, obsolescence and depletion.

32. Under the terms of the policy, the building at 55 East Washington was insured with a limit of $73,810,000.00.

33. On December 17, 2016, two pipes burst on the tenth floor of the building located at 55 East Washington Street. The tenth floor was owned by Pittsfield Residential II, LLC.

34. As a result of the two pipes bursting on the tenth floor of the building at 55 East Washington Street, water poured from the two pipes onto floor ten of the building and water traveled down the building through floors nine through one, causing extensive damage to the portions of the building owned by the Plaintiffs.

35. On December 17, 2016, Plaintiffs notified Defendant of the occurrence.

36. On December 21, 2016, Defendant assigned Tom Reid to the claim as the Field Adjuster to assess the damages to the property.

37. From December 21, 2016 to January 12, 2017 the Field Adjuster assigned by the Defendant did not to go to the property to assess the damages.

38. On January 23, 2017, Steven Siemann, Defendant's adjuster finally came out to the property for inspection of the building with consultants named Pro Reconstruction Experts.

39. On January 26, 2017, Pro Reconstruction Experts returned to the building to complete the inspection without Defendant's adjuster.

40. On April 17, 2017, repair invoices were sent to Defendant by Plaintiffs' property manager.

41. On July 12, 2017, Plaintiffs' insurance adjuster sent to Defendant Plaintiffs' estimate of the damages to Plaintiffs' portions of the building detailing actual cash value of the damages which totaled the sum of $8,592,961.40. (A copy of the estimate of damages is attached hereto as Exhibit 3).

42. On July 14, 2017, Defendant's adjuster finally sent to Plaintiffs' insurance adjuster a copy of Defendant's estimate for the damages.

7

43. On August 7, 2017, Defendant issued a check to Plaintiffs for partial payment of the damages in the sum of $147,589.04.

44. On August 10, 2017, Defendant's adjuster Steve Siemann came to Plaintiffs' building without any consultants or the original person who wrote the estimate. He did not bring any equipment, not even a tape measure and took no pictures.

45. On August 16, 2017, Defendant insurance company issued a second check for partial payment of the damages in the sum of $43,212.74. On August 17, 2017, a second re-inspection occurred at Plaintiffs' building because there was no building consultant at the first re-inspection.

46. On January 11, 2018, Defendant issued its estimate for the loss to Plaintiffs' building. The total amount of damages Defendant estimated as a result of the water damage was $401,537.95. (See Exhibit 4). On March 8, 2018, Defendant sent a final check in the sum of $110,736.17.

47. Defendant in determining its estimate and statement of loss found that floor number ten was subject to the policy's replacement cost valuation because it was not vacant at the time of loss. However, Defendant found that since floors 2 through 9 were vacant and were subject to the policy's actual cash valuation, that the replacement cost could not be claimed because the floors were vacant when the loss occurred.

48. However floors 2 through 9 were not vacant and they were under construction at the time of the loss.

## COUNT I
## BREACH OF CONTRACT

49. Plaintiffs repeat and reallege Paragraphs 1 through 48 as and for their Paragraph

8

49 of this Count I as though fully set forth herein.

50. Pittsfield Hotel Holdings, LLC is a person who is intended to have been directly benefited under the insurance contract for the following reasons:

    A. Pittsfield Hotel Holdings, LLC is expressly named as a Certificate Holder in the attached Evidence of Commercial Property Insurance dated February 18, 2016, a true and correct copy of which is attached as Exhibit 5;

    B. In addition to the language set forth in ¶ 23 of this Second Amended Complaint ("38 story office building, mercantiles first fl, offices 2-8th flr's, 9-12th apts., offices 23-38th floors, 13-21st excluded [owned by outside interest"]), the subject insurance application further states on pages 7 and 8 that:

        (i) "Insured owns approximately 20 other buildings of various types. Most insured through Travelers," thereby effectively defining the term "Insured" as being an owned and/or controlled by those that own and/or control the entities listed on the subject insurance application, and persons who maintain an ownership interest in and control Pittsfield Development, LLC and Pittsfield Residential II, LLC also maintain an ownership interest in and control Pittsfield Hotel Holdings, LLC;

        (ii) Premises insured have an address of 51-65 East Washington Street, Chicago, IL 60602; and

        (iii) The insured building is described as being a 38 story building and that floors 13-21 (i.e., the floors sold to an unrelated third party) are excluded and otherwise fails to exclude floors 2-9 that were owned by Pittsfield Hotel Holdings, LLC.

    C. On page 3 of Exhibit 2, item # 4, the subject insurance application lists "various buildings" when asking what other insurance the applicant has with Defendant.

D. Defendant accepted premium payments for insurance coverage of all floors in the Pittsfield Building owned by Plaintiffs and never offered to refund the portion of the premiums attributable to floors 2-9 owned by Pittsfield Hotel Holdings, LLC.

E. Defendant made partial payments to Plaintiffs on account of damage sustained on floors 2-9 of the Pittsfield Building.

51. Pittsfield Development, LLC held an interest in floors 2-9 of the Pittsfield Building located at 55 East Washington Street, Chicago IL as controlling super majority member and managing agent for Pittsfield Hotel Holdings, LLC, and Pittsfield Development, LLC is entitled to be indemnified for any and all losses and damage resulting to said property on behalf of Pittsfield Hotel Holdings, LLC from the complained of losses and damage thereto.

52. Plaintiffs performed all of the obligations they were required to perform under the insurance contract.

53. Defendant has breached the insurance contract in failing to pay Plaintiffs the actual sums due and owing for the water damage done to the property as a result of the two water pipes bursting on December 17, 2016.

54. The Defendant has breached to insurance contract in failing to pay the actual amount of damages due and owing to Plaintiffs under the insurance contract in the sum of $8,592,961.40.

55. By reason of Defendant's breach of the insurance contract, Plaintiffs have been damaged in an amount not less than $8,291.423.45.

**WHEREFORE** Plaintiffs pray that this Court enter Judgment against the Defendant The Travelers Indemnity Company for the sum of $8,291,423.45 plus costs and attorney's fees in bringing this action and interest.

## COUNT II
## REFORMATION OF CONTRACT

56. Plaintiffs repeat and reallege Paragraphs 1 through 48 of this Second Amended Complaint as and for their Paragraph 56 of this Count II as though fully set forth herein.

57. Plaintiffs Pittsfield Development, LLC, Pittsfield Residential II, LLC and Pittsfield Hotel Holdings, LLC were parties to a contract with Defendant. See Exhibit 1.

58. The parties agreed to reduce said contract to the writing attached as Exhibit 1.

59. The substance of the referenced contract provides for coverage of Plaintiffs' covered property interests within the Pittsfield Building, which property interests are described as including buildings, completed additions, fixtures, and machinery equipment permanently attached to the building.

60. The covered premises under the subject insurance policy are described as "38 story office building, mercantiles first fl, offices 2-8th flr's, 9-12th apts., offices 23-38th floors, 13-21st excluded [owned by outside interest]."

61. During the entire term of the subject insurance policy, Pittsfield Hotel Holdings, LLC owned floors 2-9 of the Pittsfield Building.

62. Pittsfield Development, LLC acted as the managing agent for Pittsfield Hotel Holdings, LLC with regard to procurement of the subject insurance policy at issue herein.

63. Due to a scrivener's error, while Pittsfield Hotel Holdings, LLC was not listed as an insured, Pittsfield Building, LLC, a non-existent entity was listed as a covered insured.

64. It was the intent of all parties to the subject insurance policy contract that the proper entities, including Pittsfield Hotel Holdings, LLC as owner of floors 2-9, be listed as covered insureds – not a non-existent entity.

11

65. The failure to name Pittsfield Hotel Holdings, LLC as an insured, and the naming of Pittsfield Building, LLC as an insured under the subject insurance policy, was a mutual mistake committed by all parties to the insurance contract.

66. Defendant ratified coverage of the subject property owned by Pittsfield Hotel Holdings, LLC when it made partial payments on claims made under the subject insurance policy for damages sustained to floors 2-9 of the Pittsfield Building.

67. The insurance contract at issue should be reformed to name Pittsfield Hotel Holdings, LLC as a insured party.

**WHEREFORE** Plaintiffs pray that this Court enter a judgment reforming the subject insurance contract at issue to name Pittsfield Hotel Holdings, LLC as an insured party thereto, along with such other relief that it deems equitable and just.

Plaintiffs demand trial by jury.

                    Pittsfield Residential II, LLC,
                    Pittsfield Hotel Holdings, LLC and
                    Pittsfield Development, LLC

                    By:   /s/ Christopher Bargione
                           One of their Attorneys

Christopher Bargione (ARDC #6185177)
chris@cb-law.com
Collins Bargione & Vuckovich
One North LaSalle Street, Suite 300
Chicago, Illinois 60602
(312) 372-7813